**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ALCATEL USA SOURCING, INC.,** | |
| Plaintiff, | |
| v. | Civil Action No. 6:06-CV-500 (LED) |
| **MICROSOFT CORPORATION,** | PATENT CASE |
| Defendant. | |

**ALCATEL USA SOURCING, INC.'S MOTION
TO STRIKE MICROSOFT CORPORATION'S
AMENDED INVALIDITY CONTENTIONS**

Microsoft Corporation ("Microsoft") has added to its invalidity contentions new alleged prior art for claims in which the Court did not disturb plain meaning - rejecting the proposed constructions - and asserts without explanation that such supplementation is allowed under PR 3-6(a)(2)(B).  Under that rule, a party can unilaterally amend its invalidity contentions, but only if it has a good faith basis in view of the Court's Claim Construction Ruling.  Microsoft does not set forth any good faith basis for its addition of new prior art.  Because the Court ruled that the claim retains its ordinary meaning, Microsoft was not "required" to amend its contentions and Alcatel USA Sourcing, Inc.'s ("AUSA") Motion to Strike Microsoft's Amended Invalidity Contentions should be granted as Microsoft has failed to comply with the rules of this Court.

**I.      BACKGROUND**

Over a year ago, Microsoft served invalidity contentions under PR 3-3, in accordance with this Court's schedule.   (Exhibit 1)  In those contentions, Microsoft identified two references that it contends anticipate claims 1 and 2 of U.S. Patent 6,112,226 ("'226

patent"). *See id.* at 4. Microsoft also included claim charts comparing those two references to certain portions of claims 1 and 2. (Exhibit 2)

This Court heard the parties' oral arguments on claim construction issues at a *Markman* hearing on June 7, 2008. On June 27, 2008, this Court entered its order[1] construing each of the contested claim elements of the patents-in-suit ("*Markman* Ruling"), including those pertaining to claims 1, 2, 8, and 14 of the '226 patent. The Court declined to construe any of the suggested terms of claims 1 and 2 of the '226 patent. (*Markman* Ruling at 14-15 and 19.)

On August 1, 2008, Microsoft served on AUSA, without seeking leave of Court, a document that Microsoft described as "Microsoft Corporation's Disclosure Of Invalidity Contentions Under Patent Rule 3-3 And Production Of Documents Under Patent Rule 3-4 As Supplemented Under PR 3.6(A)(2)(B) As To Claims 1 And 2 Of The '226 Patent." (Exhibit 3) Because PR 3-6 refers to "Amending Contentions," Microsoft's paper will be referred to herein as "the PR 3-6(a) amendment."[2] In the PR 3-6(a) amendment, Microsoft adds an entirely new reference for claims 1 and 2 of the '226 patent: MIT Media Laboratory's "The Media Bank" ("MIT Media"), *see id.* at 4-5, to join the two references from its original contentions that Microsoft contends anticipate claims 1 and 2.[3] Microsoft does not state any reason in the PR 3-6(a) amendment that the Court's adoption of ordinary meaning for claims 1 and 2 <u>required</u> the addition of MIT Media. Revealingly, Microsoft included, in the PR 3-6(a) amendment, claim charts for the original two references that are <u>word-for-word</u> identical to the claim charts served over a year ago - despite the intervening claim construction order. (Exhibit 4).

---

[1] (*Markman* Ruling, docket number 103.)
[2] Microsoft has also asked the Court for leave to amend its contentions under PR 3-6(b), to add a different set of new references, which has been separately briefed. (Motion for Leave, docket number 104.) The Court has not yet ruled on Microsoft's motion for leave.
[3] The PR 3-6(a) amendment also includes the MIT Media reference and claim charts as exhibits.

## II. ARGUMENT

The local patent rules are a means by which the Court can effectively and efficiently manage its docket. *Finisar Corp. v. DirectTV Group, Inc.*, 424 F.Supp.2d 896, 899 (E.D.Tex. 2006). If invalidity contentions can be not only amended, but expanded to include new references, with no basis in the claim construction order, the integrity of the process will be compromised. The exceptions for PR 3-6(a) should be confined to their requirements, especially because those exceptions allow a party to dispense with the good cause requirement of PR 3-6(b). Microsoft has set forth no reasoning as to why the Court's claim construction rulings require an amendment, either in the PR 3-6(a) amendment or in subsequent communications.[4] As a result, there is no indication of any good faith basis that Microsoft may assert. The circumstances of the amendment, however, indicate that there is no such basis.

First, the Court's construction of the two claims at issue - claims 1 and 2 of the '226 patent - left those claims to be applied by the jury in accordance with the ordinary meaning of the terms. While there were two terms briefed by the parties that are found in those claims, in both cases, the Court decided not to adopt proposed constructions of the terms. As a result, the jury will consider Microsoft's invalidity arguments in view of the claim language itself. Thus, Microsoft was aware of the exact wording that will be used by the jury when it served its original PR 3-3 contentions last year. Microsoft is not required to add new references when the Court decides to have the jury use the claim language itself, because Microsoft had a clear opportunity in the original PR 3-3 contentions to include any references that corresponded to the patent claim language.

Microsoft's understanding of this situation is illuminated by the claim charts that accompanied the original contentions. In those claim charts Microsoft alleged that the elements

---

[4] *See* Exhibit 5 (email from Microsoft's counsel, Melissa Smith).

of the claims were met by its references using the claim language, not the limiting constructions that Microsoft asked the Court to adopt. *See* Ex. 2. For example, Microsoft advocated a construction of the "in parallel" language that required simultaneous generation of control and content data. *See Markman* Ruling at 19. The original claim charts, however, made allegations based on the claim language "in parallel" rather than Microsoft's later-urged construction of "simultaneous." *See* Ex. 2, Smith chart at 5 and Krause chart at 3. The Court's claim construction did not <u>require</u> Microsoft to add a new reference, because the Court will instruct the jury on the actual claim language. Microsoft submitted original contentions that identified references in accordance with that very language.

Second, Microsoft's claim charts for the original references indicate that the claim construction ruling did not require any change in Microsoft's invalidity contentions. Microsoft is seeking to add a third reference that it contends anticipates claims 1 and 2. However, Microsoft has treated the original two references in a manner that indicates the true impact of the claim construction ruling. Microsoft made no changes whatsoever in its claim charts for the two original references. *Compare* Ex. 2 and Ex. 4. If Microsoft truly believed that the Court's claim construction ruling, which rejected proffered limitations in favor of ordinary meaning, had a major impact, its analysis of the other anticipating references would at least reveal some change in analysis. Instead, those claim charts are word-for-word identical. Microsoft has indicated by its actions that it just desires to add another reference to this case - long after the deadline for invalidity contentions. The Court should uphold the integrity of the rules by striking Microsoft new contentions of invalidity of claims 1 and 2 of the '226 patent based on the MIT Media reference.

## III.   CONCLUSION

Microsoft has not shown a good faith basis in the claim construction rulings for its new contentions as required by this Court's local patent rules and further has not shown any reason whatsoever for delay or even its own diligence.  Thus, AUSA respectfully requests that the Court strike Microsoft's improperly amended contentions.

Dated: August 11, 2008

Respectfully submitted,

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt
Texas Bar No. 00787165
Robert M. Parker
Texas Bar No. 15498000
Parker, Bunt & Ainsworth, P.C.
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687

Scott F. Partridge
Texas Bar No. 00786940
Michael A. Hawes
Texas Bar No. 24010761
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-2057
Facsimile: (713) 229-2757

Timothy S. Durst
Texas State Bar No. 00786924
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Robert M. Parker
Texas Bar No. 15498000
Robert Christopher Bunt
Texas Bar No. 00787165
Parker & Bunt, P.C.
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
ALCATEL USA SOURCING, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 11, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail and/or certified mail.

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt

**CERTIFICATE OF CONFERENCE**

Plaintiff has complied with the meet and confer requirement in Local Rule CV-7(h). Chris Bunt, local counsel for Plaintiff, personally conferred with Melissa Smith, local counsel for Defendant, on August 11, 2008. Counsel for Defendant opposes this Motion to Strike Invalidity Contentions. Microsoft contends that the prior art which it added in its supplemental invalidity contentions is now relevant as a result of this Court's Claim Construction ruling. Microsoft contends that if the Court had construed the term "in parallel" as Microsoft had requested, then the supplemental prior art would not have been necessary. Plaintiff disagrees that the prior art is not relevant for the reasons set forth in its motion. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt