IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., § § § | |
| Plaintiff, § § | Civil No. 6:06-cv-500 |
| v. § § | |
| MICROSOFT CORPORATION, § § | |
| Defendant. § § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Microsoft Corporation's ("Microsoft") Motion For Leave To Supplement Invalidity Contentions (Docket No. 104) and Plaintiff Alcatel USA Resources, Inc.'s ("Alcatel") Motion To Strike Microsoft Corporation's Amended Invalidity Contentions (Docket No.129). After considering the parties' written submissions, the Court **GRANTS** Microsoft's motion for leave to supplement its invalidity contentions as to the Shen reference and **DENIES** Microsoft's motion for leave to supplement as to all other references. The Court **GRANTS** Alcatel's motion to strike Microsoft's amended invalidity contentions.

**BACKGROUND**

On November 17, 2006, Alcatel filed a complaint against Microsoft alleging infringement of four Alcatel patents. On August 7, 2007, Microsoft served its invalidity contentions pursuant to Patent Rule 3-3 and documents pursuant to Patent Rule 3-4. The parties submitted their Amended Joint Claim Construction and Prehearing Statement on April 25, 2008. This submission included

the parties' joint statement agreeing to case dispositive claim terms for construction. Alcatel submitted its opening Claim Construction Brief on May 8, 2008, the *Markman* hearing occurred June 5, 2008, and the *Markman* ruling was issued on June 27, 2008.

**MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS**

On July 7, 2008, Microsoft filed its motion for leave to supplement invalidity contentions pursuant to Patent Rule 3-6(b). Microsoft seeks to add the following five references to its invalidity contentions. First, Microsoft seeks to add an article by Rowe entitled "MPEG Video in Software: Representation, Transmission, and Playback" and published in February 1994. Microsoft learned of this article in February of 2008 and produced it to Alcatel on March 14, 2008. Second, Microsoft seeks to add an article by England entitled "RAVE: Real-Time Services for the Web" and published in May of 1996. Microsoft learned of this article on March 4 through its expert and produced it to Alcatel on March 14, 2008. Third, Microsoft seeks to add a Huang article entitled "New Generation of Real-Time Software-Based Video CODEC: Popular Viceo Coder II (PVC-II)" and published in November 1996. Microsoft learned of this article on April 3, 2008 through its expert and produced it to Alcatel on April 4, 2008. Fourth, Microsoft alleges an offer for sale or sale of the Oracle Media Server acts as prior art. On April 11, 2008, Microsoft deposed Mark Porter, an inventor on three of the Alcatel patents-in-suit, who identified the Oracle Media Server as potentially invalidating art. Fifth, Microsoft seeks to add a Shen article entitled "A Parallel Implementation of an MPEG1 Encoder: Faster Than Real-time," which was publicly presented in February 1995. Microsoft learned of this article on June 16, 2008 through its expert and produced it to Alcatel on June 25, 2008.

**Applicable Law**

Patent Rule 3-6(b) requires leave of Court and good cause if a party seeks to amend or

supplement its invalidity contentions after the due date. Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all. *Id*.

**Analysis**

*Explanation For Delay*

Microsoft contends that invalidity and prior art investigations are an on-going part of the discovery process and require significant time to develop. Microsoft further contends it has been diligent because it produced the prior art to Alcatel as soon as Microsoft discovered it and determined it to be invalidating. Alcatel argues that notwithstanding Microsoft's production of the prior art, Microsoft did not provide Alcatel with any specific notice of its intent to supplement its invalidity contentions until this motion was filed.

The Patent Rules require not just production of potentially invalidating prior art but service of "Invalidity Contentions." To properly serve invalidity contentions, Patent Rule 3-3 requires a party to identify each item of prior art, state whether it anticipates or renders obvious each asserted claim, state the particular combination of references for each obviousness allegation, provide a chart

containing a claim-by-claim and element-by-element association of each asserted claim to its specific location in the prior art, and identify any other grounds of invalidity. Simply disclosing the prior art does not even come close to satisfying the requirements of Patent Rule 3-3. The delay addressed by this factor is the delay is from the date the invalidity contentions were due to the date Microsoft sought to supplement them, not the time between discovering the prior art and disclosing it. However, as Microsoft appears to have been diligent in its search for prior art, the delay that is most relevant—and most troubling to the Court— is the delay from when Microsoft discovered the new art to the date Microsoft filed this motion.

Microsoft discovered four of the five prior art references at issue in February, March, and April—well before the *Markman* hearing in June. Microsoft discovered the fifth reference in June after the *Markman* hearing. Yet Microsoft did not move to supplement its invalidity contentions until July. Microsoft complied with none of Patent Rule 3-3's requirements until filing this motion. In its production of the prior art to Alcatel, Microsoft failed to satisfy even the least onerous requirement of Patent Rule 3.3—specifically identifying the appropriate items as invalidating prior art. Microsoft offers no explanation for its delay from discovering the prior art to moving to amend its contentions. This factor strongly favors denying leave to supplement.

*Importance*

Microsoft argues that four of the five prior art references invalidate one or more of the asserted claims standing alone and that the fifth piece of prior art invalidates claims when combined with other prior art. Alcatel argues that these five references are cumulative of other prior art already included in the case and are therefore unimportant.

Alcatel's assertion that it is prejudiced by the additional prior art contradicts its stance that

such prior art is unimportant. Prior art references potentially rendering a patent invalid are important. This factor favors granting leave to supplement.

*Prejudice to Alcatel*

Microsoft contends Alcatel is not prejudiced because discovery has not concluded. As of the filing of this motion, Alcatel had yet to depose any witnesses, two months remained until the date for exchanging expert reports, and six months remained until trial. Microsoft also argues that merely five additional prior art references is not burdensome and that scant case law exists to support a finding of prejudice. Alcatel responds by arguing that a finding of prejudice is not unprecedented in somewhat similar post-*Markman* contexts. *See Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896 (E.D. Tex. 2006) (Clark, J.); *see also Convolve, Inc. v. Compaq Computer Corp.*, 2007 WL 700904 (S.D.N.Y. March 7, 2007). Alcatel further accuses Microsoft of employing "hide-the-ball" tactics in waiting until after several important scheduling events passed to unveil its invalidity case.

Alcatel suffered considerable prejudice as a result of Microsoft's delay to supplement its invalidity contentions. When the parties submitted their proposed claim constructions on April 25, 2008 and when Alcatel submitted its opening claim construction brief on May 8, 2008, Microsoft was already aware of four of the five prior art references it now seeks to supplement. These events are important to a plaintiff's preparation in defense of invalidity allegations. Yet as these dates passed, Microsoft withheld filing a motion to supplement or even specifically notifying Alcatel of its intention to use these prior art references as part of its invalidity case. Only the Shen reference was discovered after the *Markman* hearing.

Microsoft cites *Alt v. Medtronic, Inc.* in support of its argument that good cause exists to

supplement. *Alt v. Medtronic, Inc.*, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006) (Davis, J.). In *Alt*, however, within a short time from discovering the new art, the defendant sent letters to the plaintiff specifically identifying the new art and explaining its intent to amend its invalidity contentions. *Id*. at *1. The defendant then supplemented its invalidity contentions within a month from plaintiff's opposition to such amendment. The defendant's diligence in *Alt* is distinguished from Microsoft's failure to supplement invalidity contentions or even notify Alcatel of its intention to do so for months until this motion was filed. More importantly, in *Alt*, the defendant did not wait to supplement while *Markman* deadlines passed.

Alcatel reasonably relied upon Microsoft's invalidity contentions to prepare for the selection of case dispositive claim terms and the *Markman* process. Alcatel would be greatly prejudiced if Microsoft were allowed to supplement invalidity contentions with references that Microsoft was aware of well before the *Markman* process. Microsoft learned of the Shen article after the *Markman* hearing, thus its prejudicial effect is diminished based on the lateness of its discovery. This factor strongly favors denying leave to supplement as to all references except the Shen article.

*Availability Of Continuance*

The purpose of a continuance is to cure existing prejudice. The intervening *Markman* event occurring between the discovery of the new art and this motion is the principal source of prejudice to Alcatel. As such, no continuance is available for the *Markman* ruling as it has already issued. Striking the *Markman* ruling and reconstructing the entire *Markman* process as a remedy to Alcatel's prejudice would be a tremendous waste of the parties' and the Court's resources. This factor favors denying leave to supplement.

**Conclusion**

Microsoft discovered four of the five references it now seeks to add well before the *Markman* hearing. Microsoft's delay in seeking to supplement its invalidity contentions with these references would cause Alcatel great and incurable prejudice. Such a delay—with no reasonable explanation—appears to be the sort of gamesmanship this Court does not tolerate. Accordingly, the Court **DENIES** leave to supplement as to all but the Shen reference. The Shen reference was discovered after the *Markman* hearing, lessening Alcatel's prejudice as to that reference as well as the implication of gamesmanship. Accordingly, the Court **GRANTS** leave to supplement as to the Shen reference.

**MOTION TO STRIKE AMENDED INVALIDITY CONTENTIONS**

On August 1, 2008, without seeking leave of Court, Microsoft amended its invalidity contentions pursuant to Patent Rule 3-6(a)(2)(B). This amendment added newly discovered art detailed in an affidavit referencing MIT Media Laboratory's "The Media Bank." Alcatel moves to strike this prior art reference.

**Applicable Law**

Patent Rule 3-6(a)(2)(B) allows a party to amend its invalidity contentions without leave of Court, within 50 days of the Court's claim construction ruling, if the party "believes in good faith that the Court's Claim Construction Ruling so requires." P. R. 3-6(a)(2)(B).

**Analysis**

A court has the inherent power to enforce its scheduling orders, and this power extends to Patent Rule 3-6(a)(2)(B). Patent Rule 3-6(a)(2)(B) provides a party with the opportunity to add new prior art or otherwise amend its invalidity contentions if the party is unduly surprised by an

unexpected claim construction by the Court. *Finisar Corp.*, 424 F. Supp. 2d at 901. This does not mean new invalidity contentions may be filed after every claim construction order. *Id.* at 901. The Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information to litigate their cases—not to create supposed loopholes through which parties may practice litigation by ambush. *Id.*; *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860 (N.D. Cal. June 16, 2004).

A party cannot argue that merely because its proposed claim construction is not adopted by the Court, it is surprised and must prepare new invalidity contentions. *Convolve, Inc. v. Compaq Computer Corp.*, 2006 WL 2527773 (S.D.N.Y. August 31, 2006) (holding that parties who have notice of the opposing party's claim construction but do not prepare for the possibility that the court may adopt it can be held accountable); *Finisar Corp.*, 424 F. Supp. 2d at 901 (granting motion to strike amended invalidity contentions); *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (Clark, J.) (granting motion to strike amended infringement contentions even though the court adopted neither party's proffered claim constructions); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008) (Davis, J.). Accepting such an argument would encourage parties to file narrow proposed constructions and hide important prior art until later in the case. *Finisar Corp.*, 424 F. Supp. 2d at 901. For these reasons, the exception articulated by Patent Rule 3-6(a)(2)(B) is narrowly drawn to circumstances where the Court's construction reasonably surprises a party.

Microsoft's additional prior art is relevant to claims 1 and 2 of U.S. Patent No. 6,112,226 ("the '226 Patent"). Three claim terms were disputed and argued at the *Markman* hearing relating to claims 1 and 2 of the '226 Patent. For two of the claim terms, Alcatel argued no construction was

required. For the remaining claim term, Microsoft itself argued no construction was required. For each claim term, the Court adopted claim constructions exactly in alignment with one party's proposed claim constructions. *See* Docket No. 103 at 14-15, 18-19, 29-33.

Microsoft cannot credibly argue in good faith that it did not anticipate this Court's claim constructions, nor can Microsoft argue that the amendment to its invalidity contentions was *required* by this Court's claim construction ruling. Microsoft had notice of Alcatel's proffered constructions throughout the *Markman* process. The Court's claim constructions are exactly in accordance with Alcatel's proffered constructions. Thus, Microsoft could not have been genuinely surprised by the Court's constructions.

**Conclusion**

For the above reasons, the Court **GRANTS** Alcatel's motion to strike Microsoft's amended invalidity contentions.

## CONCLUSION

The Court **GRANTS** Microsoft's motion for leave to supplement its invalidity contentions as to the Shen reference and **DENIES** Microsoft's motion for leave to supplement as to all other references. The Court **GRANTS** Alcatel's motion to strike Microsoft's amended invalidity contentions.

**So ORDERED and SIGNED this 3rd day of October, 2008.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE